## JACINTO LORENZO LOPEZ LABORDE ET AL.

*v.*

## BUENAVENTURA UBARRI.

San Juan, Law, No. 386.

1. Unless there is proof to the contrary, it is presumed that the heirs of deceased took his estate without the benefit of inventory.
2. Service upon one heir is, in such a case, sufficient to authorize a judgment against the succession or estate for the whole amount of the claim if the other facts justify it.
3. The wrongful acts of the ancestor himself, or his connivance with the officers of the law, must be the basis of recovery.

Case tried April 19, 1907.

---

*Mr. Willis Sweet,* attorney for the plaintiffs.

*Mr. Damian Monserrat,* attorney for defendant José María Ubarri.

*Mr. Francis H. Dexter,* attorney for defendants Pablo and Modesta Ubarri.

Laborde v. Ubarri.

*Mr. Wm. H. Hawkins, Mr. Jacinto Texidor,* and *Mr. Salvador Sua,* attorneys for other defendants.

Instructions by RODEY, Judge:

The facts developed in this case exhibited an extraordinary situation. The suit was originally brought to recover damages by one set of heirs against another set of heirs, but, for jurisdictional reasons, it was dismissed as to all of the latter except one, the defendant whose name is set out in the caption. The evidence tended to show that Pablo Ubarri, the ancestor of the sole remaining defendant, had been a resident of Porto Rico during a long period in the later years of Spanish sovereignty in the island. That he became so influential and prominent in Porto Rico as that the King conferred a title upon him, and that he was raised to such favor with the sovereign and the higher authorities in Spain as that he became and was, for many years, a virtual dictator in Porto Rico and in and about all things concerning the island. That everybody in the island feared him, and that he controlled the action of all departments of the government, including, as it was said, even the courts and their officials. Of course, the evidence as offered only tended in the direction of proving this situation, and much of it was excluded as immaterial during the trial, but enough was left to show that generally the facts here stated were believed regarding the man.

It further appeared that, some years before American occupation of Porto Rico, this man Pablo Ubarri, or the Count of Santurce, as he was called, took hold of the management of the estate of plaintiffs' ancestor for the surviving widow and

children; but, owing to some dispute or pretended dispute with
the widow, turned from being a friend of the family to being
its bitterest enemy, and threatened to, and, as it was alleged,
did, deprive the widow and the children through one or an-
other species of fraud, tyranny, and oppression, of practically
all of their large estate, and persecuted the widow even to the
extent of causing her to be incarcerated, from which she was at
last released only by a direct pardon of the King.  See Laborde
v. Laborde, 2 Porto Rico Fed. Rep. 497.

Additional facts and information as to the issue and the
situation can be gathered or inferred from the instructions to
the jury.

RODEY, Judge, omitting some of the formal parts, gave the
following instructions to the jury:

This, as you have seen from what you have already heard
of it, is a suit by Jacinto Lorenzo Lopez Laborde and others,
some six or seven persons in all, as heirs of the late Jacinto
Lopez Laborde, against the succession or estate of Pablo Ubarri
y Capetillo.  The prayer of the complaint asks judgment against
the succession for damages which they estimate and lay at
$156,750 (American currency), with interest thereon from
whatever date in the year 1889 the evidence has shown you
that their cause of action, if any they have, accrued.

Plaintiffs set forth in their complaint and by the evidence,
that their cause of action against this succession or estate
accrued because this man Pablo Ubarri, who was given by the
widow of Jacinto Lopez Laborde a power of attorney to attend
to her business, acted in bad faith, and, by his influence and
power, after getting a judgment for some 17,000 pesos and costs

Laborde v. Ubarri.

against the estate of said Jacinto Lopez Laborde, then proceeded under the execution and through his influence and power with both the taxing officers and the court officers, and had the land valued at such a bagatelle as that he purchased the whole estate at the sales thereunder for his debt, plus the taxes, which debt of his own amounted, all told, to something like 24,000 pesos, but plaintiffs claim the estate was then worth more than 300,000 pesos.

It devolves upon the plaintiffs in this case, as it does in every other civil suit, to prove their claims by a preponderance of the evidence; but that does not necessarily mean that they must have the most witnesses or the most documents, but that the evidence must preponderate in their favor in your minds as reasonable men. Although the suit was originally brought against Pablo Ubarri é Yramategui, Rufino Ubarri é Yramategui, José María Ubarri é Yramategui, Buenaventura Ubarri é Yramategui, and Modesta Ubarri é Yramategui, as the succession of the said Pablo Ubarri, all of the defendants save Buenaventura Ubarri were either not served, or, after being served, were dismissed from the cause through one legal pleading or another; but the court instructs you that it is presumed, because defendants have not shown the contrary, that these defendant heirs took the estate of their father, the said Pablo Ubarri y Capetillo, without benefit of inventory, and hence, under Spanish law, became liable for all the debts which that estate owed; and therefore service upon one of them is sufficient to authorize the court to give a judgment against the succession or estate for whatever amount, if any, you may, in your discretion, find to be due.

Notwithstanding that there is evidence in the cause tending

Laborde v. Ubarri.

to show the tremendous power and influence that this man Pablo Ubarri had in Spanish days over officials, and perhaps courts and officers of the island of Porto Rico, during his lifetime, yet, unless you believe, from a preponderance of the evidence, that he exercised such influence banefully in the levying of the execution in question, you should find for the defendants; because, under the evidence, it is clear that whatever wrong, if any, he did to this estate, was done by causing it to be appraised and offered for sale, and buying it in at the tax sales and on this execution, for much less than its actual value; in other words, the wrong must have been Ubarri's, because a wrong done by court officers, as and of themselves, without his influence, would not bind these defendants. But the fact that Pablo Ubarri gained advantage, if you believe, from a preponderance of the evidence, that he did, from the wrongs done, if you believe there were wrongs done, may be taken into consideration in determining, in connection with the other evidence in the case, whether or not such wrongdoing was brought about by his wrongful influence, if any.

Remember that this is not a suit to recover any specific property. All the property of which it is alleged these plaintiffs were deprived has gone into the hands of innocent third parties for value and without notice, and is forever gone beyond recovery so far as these plaintiffs are concerned, and their only remedy is the one they are asking here in this suit,—that is, a judgment against the estate for the amount of their damages, they taking their chances of being, at some time hereafter, able to collect such damages on execution from the defendants, as may be proper. With that part of it,—that is, the collection,—you have nothing to do.

## Laborde v. Ubarri.

There is no question of any statute of limitations for you to consider. The court has settled all those matters on the record, and the only question for your consideration is whether or not, after the said Ubarri got his judgment against the estate of the father of these plaintiffs, he collected the sum due him in an oppressive and corrupt manner, and collected in fact more than was due him. From the evidence you will therefore find the value of his judgment and costs and interest, and the value of the property that he caused to be levied upon, together with the taxes due thereon, and deduct the amount of his judgment and the amount of the taxes, and the costs, expenses, and interest, as shown by the evidence as to both, from the true value of the property he took at the date he took it, and the balance, together with interest thereon at 6 per centum per annum to date, since the date you believe such property to have been taken, will be the measure of damages which these plaintiffs have sustained.

If you do not believe, by a preponderance of the evidence, that Pablo Ubarri, by undue influence, fraud, and oppression, did so deprive these people of their property, you must find for the defendants.

You are the sole judges of the weight of the evidence, and, if you believe that any witness has wilfully sworn falsely, you may disregard the whole or any portion of his evidence, unless the same is corroborated by other evidence, facts, or circumstances in the case.

Two forms of verdict will be given you: one finding for the plaintiffs, and assessing their damages at whatever sum you believe to be warranted under the evidence, and to be signed by one of your number as foreman; the other will be to find for

the defendants, and to be signed in the same manner. One of these verdicts, as you may believe to be right and proper, will be returned into court by you; the other blank one will be discarded. All the pleadings and exhibits in the case will be given you to carry to your room during your deliberations. The evidence you must remember for yourselves, and your own recollection of it must be taken, rather than that of the court or of counsel.

And finally, as American courts and jury systems are young in the island, it behooves you to so act as that the example by your verdicts will be approved because of being just and right. It is hoped that you will arrive at a verdict so that a mistrial may not result, with great expense to the parties and to the government. You must decide this case upon the evidence that has been introduced before you here, both oral and written, and upon these instructions, and not upon your own whims, or upon anything any of you may happen to know or think you know outside of the record. You were sworn and accepted in the case because it is believed you are honest men. If you have any knowledge in this case outside the record, upon which you will base your verdict, then you wrongfully stated, when you were accepted, that you would render an impartial verdict upon the law as given you by the court and the evidence presented in the cause.

Jury duty is the highest duty any citizen can perform. When the citizen fails to perform that honestly and conscientiously, then government itself to that extent fails. You are responsible to nobody but to the law and your country and your conscience. No one has a right to question you for your verdict in this case, and none of you have a right to tell anybody

Laborde v. Ubarri.

how you stand on it or how you voted on it. It is presumed that no confidence has been misplaced in you, and that you will do your full duty by both parties in the cause.

With these instructions, the court confidently submits the cause to your keeping, and with your verdict the court and the parties must be satisfied if it is within the law.

The verdict was for the plaintiffs for $99,000.